**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER SCOTT DANGIM, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RIO RANCHO POLICE DEP'T, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 2:10-cv-0694-RLH-RJJ <br><br> **ORDER** |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff sues the Rio Rancho Police Department and Rio Rancho County Jail for violation of his constitutional rights.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, none of the defendants reside in this district. The claim arose in Rio Rancho, New Mexico, which is in the District of New Mexico. Therefore, Plaintiff's claim should have been filed in the United States District Court for the District of New Mexico. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974).

1  Accordingly, and with good cause appearing,

2  **IT IS HEREBY ORDERED** that this matter is transferred to the United States District Court for the District of New Mexico.

4  DATED: May 14, 2010.

_____
UNITED STATES DISTRICT JUDGE